UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOROOF TRADING DEVELOPMENT COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> GE FUEL CELL SYSTEMS, LLC, GE MICROGEN, INC., and PLUG POWER INC., <br><br> Defendants. | Civil Action No. 10 CIV 1391 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT PLUG POWER INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Plug Power Inc. ("Plug Power") hereby submits its Opposition to Plaintiff Soroof Trading Development Company, Ltd.'s ("Plaintiff" or "Soroof") Motion to Compel Discovery (Docket Nos. 32-34) (the "Motion"). As set forth more fully herein, Soroof's Motion should be denied in all respects. In short, Soroof seeks to compel the production of Plug Power's privileged communications without any basis for doing so. Plug Power has not waived its attorney-client privilege as it has not placed its privileged communications "at issue" and does not rely on any privileged communications as the basis for its defenses in this litigation. Moreover, given the discovery already conducted as to the dissolution issue, there is simply no need for Soroof to examine Plug Power's privileged communications that would justify invading Plug Power's attorney-client privilege.

**FACTUAL BACKGROUND**

This matter arises out of a contract agreement between GE Fuel Cell Systems, LLC ("GEFCS") and Soroof entered into in June 2000 (the "Agreement"). *See* Docket No. 1, Compl.

1

¶ 10, Exhibit 1, June 6, 2000 Distributor Agreement between GEFCS and Soroof ("Agreement"). Soroof alleges various claims arising out of the Agreement, including claims for breach of contract, misrepresentation, conversion, and unjust enrichment. *See* Compl. pp. 7-14. The Agreement provided that Soroof would distribute certain industrial power products specified in the Agreement in certain geographic regions over the term of the Agreement. *See* Agreement, pp. 3-4, ¶¶ 1-3. On December 31, 2005, the Agreement expired on its own terms. *See* Agreement, p. 5, ¶ 4.1.

GEFCS was a limited liability company organized in Delaware. Defendant GE Microgen, Inc. ("GE Microgen") and Plug Power are the former members of GEFCS and GE Microgen was the managing member of GEFCS. Compl. ¶ 5; Declaration of Natalie F. Langlois ("Langlois Decl."), Exhibit 1, Plug Power's Objections and Responses to Plaintiff's "Phase I" Interrogatories, Response to Interrogatory No. 8. GEFCS was intended to act as a "master distributor" of certain products produced by Plug Power, and GEFCS would in turn enter into agreements with smaller distributors to distribute Plug Power's products. Langlois Decl., Exhibit 2, Deposition Transcript of Frank Scovello, at 33:4-24.

In March 2006, months after the Agreement between GEFCS and Soroof had terminated, the limited liability company agreement establishing GEFCS was terminated. By December 2006, GEFCS was dissolved. Langlois Decl., Exhibit 3, Action By Written Consent of the Members of GE Fuel Cell Systems, L.L.C., PPI000104-106; Exhibit 4, GE Fuel Cell Systems, L.L.C. Termination Agreement, PPI000107-109; Exhibit 5, GEFCS Certificate of Cancellation, GE000111. GEFCS was terminated and dissolved because the members determined that GEFCS was not an effective entity for marketing Plug Power's products, and Plug Power's products were not addressing markets in which GE had a particular interest. These determinations were

based on the modest number of systems sold by GEFCS since its formation in February 1999, and on the evolution of Plug Power's product development plan. Langlois Decl., Exhibit 1, Plug Power's Objections and Responses to Plaintiff's "Phase I" Interrogatories, Response to Interrogatory No. 8; Exhibit 3, Action By Written Consent of the Members of GE Fuel Cell Systems, L.L.C., at PPI000104.

Contrary to Soroof's assertion in the Motion, GEFCS did not improperly dissolve under Delaware law by failing to notify Soroof of its dissolution or failing to make provision to provide compensation for a claim by Soroof. Soroof Memo., at 5. As an initial matter, GEFCS was not required to notify Soroof of its dissolution, as the Agreement had already terminated on its own terms on December 31, 2005, in advance of the dissolution of GEFCS. *See* Agreement, p. 5, ¶ 4.1. Moreover, to the extent Soroof argues that GEFCS should have made provision for any alleged "claim" by Soroof, the existence of which Plug Power disputes, Soroof conveniently ignores the extensive discovery already produced in this litigation which shows the efforts GE Microgen and Plug Power made to address any alleged concern by Soroof about the Agreement (notwithstanding the fact that the Agreement had in fact already terminated in December of 2005). For example, the Termination Agreement itself required Plug Power to make commercially reasonable efforts to enter into a separate nonexclusive distributor agreement with Soroof. Langlois Decl., Exhibit 4, GE Fuel Cell Systems, L.L.C. Termination Agreement, at PPI000108, ¶ 2(b). Plug Power has also produced correspondence between Soroof and Plug Power – which Soroof should also have in its own possession – showing that Soroof and Plug Power were actively engaged in negotiating a new distributor agreement in early 2006. *See, e.g.,* Langlois Decl., Exhibit 6, PPI000383 & PPI000403, March 10, 2006 E-Mail from Plug Power to Soroof attaching proposed distributor agreement between Plug Power and Soroof. Frank

Scovello, the Fed. R. Civ. P. 30(b)(6) designee for GE Microgen, also testified concerning Plug Power's efforts to enter into a new distributor agreement with Soroof at the time GEFCS was terminated. *See, e.g.*, Frank Scovello Dep., at 119:1-10.[1]

### STATUS OF DISCOVERY

As noted in Soroof's Memorandum, the parties have conducted significant discovery related to the issue of the dissolution of GEFCS. Soroof Memo., at 3-4.[2] Soroof has taken the Fed. R. Civ. P. 30(b)(6) deposition of GE Microgen. GE Microgen and Plug Power have each responded to Soroof's written discovery requests, including Requests for Production and Interrogatories. Plug Power conducted a thoughtful and thorough review of its documents and has produced hundreds of pages of documents related to the dissolution of GEFCS. In addition, GE Microgen has produced hundreds of pages of documents regarding this issue. Soroof, on the other hand, has failed to produce *a single document* in this litigation and *flatly refused* to produce documents related to its negotiations with Plug Power.[3] Indeed, many of the documents in Plug Power's production include communications directly with Soroof that Soroof failed to produce. Soroof's failure to produce its own copies of those communications illustrates that Plug Power took a more expansive and generous reading of Soroof's document requests than perhaps even Soroof would have.

Despite Plug Power's fulsome and expansive response to Soroof's discovery requests on

---

[1] Plug Power reserves its right to address fully this allegation, as well as all of Soroof's additional allegations in the Complaint, in dispositive motions.

[2] The parties agreed to divide discovery in this case into two phases with the first phase limited to the threshold issue of the dissolution of GEFCS.

[3] GE Microgen filed a Motion to Compel Discovery against Soroof on August 31, 2010, seeking to compel Soroof to produce, *inter alia*, documents related to Soroof's notice and knowledge of GEFCS's termination and dissolution, as well as Soroof's negotiations with Plug Power concerning the proposed new distributor agreement between Soroof and Plug Power. Docket No. 26. GE Microgen's Motion to Compel Discovery attaches additional e-mail correspondence between Plug Power and Soroof concerning the proposed distributor agreement between Plug Power and Soroof.

this limited issue, Soroof now seeks to compel Plug Power to produce privileged documents, alleging that Plug Power somehow "waived" its attorney-client privilege and that the issues surrounding GEFCS "can only be resolved" by examining Plug Power's privileged communications with its counsel.  Soroof Memo., at 6-9.  There is no basis to do so.  Soroof's request should be denied, as Plug Power has not "waived" any of its privileges, and there is no need for Soroof to examine Plug Power's privileged communications to discover information related to the dissolution issue.

## ARGUMENT

### I.     THE "ISSUE WAIVER" DOCTRINE IS INAPPLICABLE HERE.

The attorney-client privilege is "one of the oldest recognized privileges for confidential communications."  *In re County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (internal quotation and citation omitted).  "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.  *Therefore, rules which result in the waiver of this privilege and thus possess the potential to weaken attorney-client trust, should be formulated with caution*."  *Id.* (internal quotation and citation omitted) (emphasis added).

The sole basis for Soroof's Motion is Soroof's speculation that Plug Power has somehow "waived" its privileged communications by putting those communications at issue, relying on the "at issue" waiver doctrine.  Soroof Memo., at 6-9.  The "at issue waiver" doctrine is "construed narrowly" and applies only if Soroof *shows* that Plug Power "*relies* on the privileged communication as a claim or defense or as an element of a claim or defense."  *In re County of Erie*, 546 F.3d at 228, 229 ("[A] party must *rely* on privileged advice from his counsel to make his claim or defense") (emphasis in original); *AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ.

5

7052(SHS)(HBP), 2008 WL 5062030, at *4 (S.D.N.Y. Nov. 25, 2008). "The assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the privilege." *In re County of Erie*, 546 F.3d at 228 (internal quotation and citation omitted); *AIU Ins.Co.*, 2008 WL 5062030, at *5 (noting same). Here, Plug Power has made no "advice-of-counsel" defense nor sought to rely on any privileged communication in support of its claims.

As the sole basis for its argument that Plug Power should be denied the well-established protection of its counsel's advice, Soroof speculates that because "Plug Power has claimed that they have dissolved properly and in good faith . . . it is difficult . . . to comprehend how Plug Power could claim that it acted in good faith unless its counsel informed it that, under these circumstances, dissolving GEFCS without giving notice to Soroof and without making any provisions for liability was somehow proper." Soroof Memo., at 6, 8. That Plug Power may have relied on the advice of its counsel during the process of the dissolution of GEFCS—as presumably most companies do when reaching a decision to dissolve—does not lead to the conclusion that Plug Power is relying on the privileged advice of counsel in order to make any claims or defenses in this litigation. *See In re County of Erie*, 546 F.3d at 229 ("[P]rivileged information may be in some sense *relevant* in any lawsuit. A mere indication of a claim or defense certainly is insufficient to place legal advice at issue") (emphasis in original).

This is not a case in which Plug Power is affirmatively relying on any privileged communication such that its assertion of the privilege results in any unfairness to Soroof. Plug Power makes no attempt to wield the privilege as both a shield and a sword. *See Green v. Beer*, No. 06 Civ. 4156(KMW)(JCF), 2010 WL 2653560, at *6 (S.D.N.Y. July 2, 2010) (denying motion to compel production of documents concerning legal advice because although legal

6

advice was "no doubt relevant to [plaintiffs'] claim . . . [plaintiffs were] not relying on that advice to" support their claim), *aff'd in part, rev'd on other grounds*, 2010 WL 3422723 (S.D.N.Y. Aug. 24, 2010); *AIU Ins. Co.*, 2008 WL 5062030, at *5 (plaintiff had "not placed the protected communications at issue because it does not intend to rely upon the *contents* of the privileged communications in order to prove its breach of contract claim") (emphasis in original).

Soroof has made *no* showing that Plug Power is relying on the contents of any privileged communications to assert its defenses in this matter.  Rather, Soroof assumes that Plug Power's denial of Soroof's claims of wrongful dissolution puts Plug Power's good faith (and any basis for that good faith, including advice of counsel) at issue.  Soroof's conjecture is hardly sufficient to meet its burden of showing that Plug Power has affirmatively relied on privileged communications as the basis for its claims or defenses here.  *See, e.g.*, *Weiss v. Nat'l Westminister Bank, PLC*, Nos. CV 05-4622(CPS)(MDG), CV 07-916(CPS)(MDG), 2008 WL 5115027, at *2 (E.D.N.Y. Dec. 3, 2008) (denying motion to compel based on alleged at-issue waiver, and noting: "[M]uch of what plaintiff's claim support a finding of implied waiver is based on conjecture: that, to the extent [defendant] might rely on communications with counsel to establish its lack of knowledge defense, it would do so through the emails now withheld . . . At most, this speaks to relevance, not reliance"); *Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, No. 04 Civ. 7844 BSJDFE, 04 Civ. 8967 BSJDFE, 2006 WL 2807187, at *6 (S.D.N.Y. Sept. 27, 2006) ("To waive the attorney-client privilege by voluntarily injecting an issue in the case, a defendant must do more than merely deny a plaintiff's allegations.  The holder must inject a new factual or legal issue into the case.") (internal quotation and citation omitted); *Oxyn Telecommc'ns, Inc. v. Onse Telecom*, No. 01 Civ. 1012(JSM), 2003 WL 660848, at *6-*7

(S.D.N.Y. Feb. 27, 2003) (denying motion to compel where defendant merely denied allegations of bad faith and fraud and "did not affirmatively claim either good faith or reliance on advice of counsel as a defense . . . A party cannot, through its own allegations of fraud or bad faith, waive its adversary's privilege.").

Nor does Plug Power's assertion of an affirmative defense that Plug Power acted in good faith in its dealings with Soroof eliminate the protection of its confidential attorney-client communications concerning the dissolution of Plug Power's business relationship with GE Microgen.  *See AIU Ins. Co.*, 2008 WL 5062030, at *4 (asserting an affirmative defense does not waive the attorney-client privilege).  Moreover, even if Plug Power's state of knowledge was relevant to the question of whether it complied with Delaware LLC law concerning dissolution – and it is not – even in cases where a "party['s] state of knowledge is at issue  . . . waiver of the privilege will *not* ordinarily be implied."  *Asset Value Fund Ltd. P'ship v. Care Group, Inc.*, No. 97Civ.1487 (DLC)(JCF), 1997 WL 706320, at *3 (S.D.N.Y. Nov. 12, 1997) (emphasis added).

The only relevant questions at this stage of the litigation are whether GEFCS is in fact dissolved, whether any claim by Soroof was made or reasonably anticipated in advance of dissolution, and whether reasonable provision was made for any such claim.  Each of these questions had been answered on the record provided without any need to invade the sanctity of the attorney-client privilege.  Soroof's assertion that there is a "critical" need for Plug Power's privileged documents is specious.  Soroof Memo., at 9.  As discussed above, Soroof has taken the Fed. R. Civ. P. 30(b)(6) deposition of GE Microgen, and both GE Microgen and Plug Power have responded to Soroof's written discovery requests and produced scores of documents related to the issue of the dissolution of GEFCS.  Further, Soroof likely has highly relevant information in its own possession related to the dissolution issue.  *See Asset Value Fun Ltd. P'ship*, 1997 WL

706320, at *4 (holding that privileged information had "not been put at issue merely because it [was] relevant to the case" and that the information at issue could be obtained directly from the opposing party). Soroof's claims for these documents are not supported. Although "it may be useful and convenient for [plaintiff] to obtain privileged materials, and the confidential communications with the attorneys might reveal some of what [defendant] knew . . . those are not reasons to violate the attorney-client privilege." *Id.*

## II. PLUG POWER HAS MET ITS BURDEN TO DEMONSTRATE THAT THE DOCUMENTS ON ITS PRIVILEGE LOG ARE PRIVILEGED.

Plug Power has met its burden to demonstrate that the documents on its privilege log are "at least potentially protected from disclosure." *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 167 (S.D.N.Y. 2008) (internal quotation and citation omitted). Except where otherwise indicated on the log, all of the individuals listed on the log are or were Plug Power employees, and the documents listed reflect communications between those employees and Plug Power's counsel and legal personnel. None of the individuals listed on the privilege log were employees or representatives of GE Microgen or GEFCS.[4] Further, the description of each document shows that all of the documents relate to legal advice pertaining to the dissolution of GEFCS. As explained in the log, the documents include correspondence with internal and outside counsel, which often transmitted drafts of documents related to the dissolution of GEFCS incorporating attorney comments and input.[5] Plug Power's privilege log therefore adequately

---

[4]   In a footnote, Soroof suggests that Plug Power has further waived its attorney-client privilege based on the content of an email to a third-party produced by Plug Power and containing a brief recitation of facts concerning its negotiations with GE Microgen. *See* Soroof's Memo at 10 n.1. As Plug Power's deliberate production of this document shows, however, this communication contains no privileged information. The communication merely recites non-privileged information about communications between Plug Power and GE Microgen, not privileged communications between Plug Power and its counsel.

[5]   "[I]n New York, the general rule is that a draft document prepared by an attorney is privileged if it contains information provided in confidence by the client and subsequently maintained in confidence." *Asset Value Fun Ltd. P'ship*, 1997 WL 706320, at *6 (internal quotation and citation omitted).

shows that the documents listed are protected from disclosure and are attorney-client privileged. *See Allied Irish Banks, P.L.C.*, 252 F.R.D. at 167 (privilege log adequate where log provided "information on the type of document, its date, its author, its recipients, persons copied on the document, persons to whom the document was forwarded, the author of the responsive portion of any attachment, and a description of the subject matter of the document"); *S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK), 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996) (a party must "identify the withheld documents and the basis for withholding them, and . . . do so with sufficient specificity to permit the adversary to determine whether it wishes to challenge the privilege claim in court.  Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document").

Soroof relies on *United States v. Constr. Prods. Res., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) to argue that Plug Power's privilege log is insufficient here.  That case is factually inapposite here.  In that case, the privilege log failed to give *any* description at all as to the nature of the documents listed on the log so as to determine whether the documents listed were at least potentially protected from disclosure.  *Id.* at 473-74.  By contrast, as explained above, Plug Power's log contains more than enough information to determine the privileged nature of the documents.

## CONCLUSION

Given its logical application, Soroof's argument would effectively prohibit a member of any of the thousands of Delaware LLCs from obtaining the confidential advice of its counsel in connection with the dissolution of the LLC.  All any plaintiff would need to do is file a lawsuit against the dissolved LLC—as soon as it did so, all privileged documents would be up for grabs the moment the LLC lodged any defense.  Such an absurd result simply is not and cannot be the

law.  For the reasons stated herein, Plug Power respectfully requests that the Court deny Plaintiff's Motion in all respects.

                                  Respectfully submitted,

                                  PLUG POWER, INC.

                                  By their attorneys,

                                  /s/ Natalie F. Langlois
                                  Dahlia S. Fetouh (*pro hac vice*)
                                  Natalie F. Langlois (*pro hac vice*)
                                  GOODWIN PROCTER LLP
                                  53 State Street
                                  Boston, Massachusetts  02109
                                  Tel.:  617.570.1000
                                  Fax:  617.523.1231
                                  E-Mail: dfetouh@goodwinprocter.com
                                  E-Mail: nlanglois@goodwinprocter.com

                                  Abigail K. Hemani (AH 2071)
                                  GOODWIN PROCTER LLP
                                  The New York Times Building
                                  620 Eighth Avenue
                                  New York, New York 10018-1405
                                  (212) 813-8800
                                  ahemani@goodwinprocter.com

Dated:  October 4, 2010

**CERTIFICATE OF SERVICE**

      I, Natalie F. Langlois, hereby certify that true copies of the foregoing DEFENDANT PLUG POWER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL were caused to be served by ECF on this 4th day of October, 2010 on the following counsel:

James R. Lynch, Esq.
Jason Kaufman, Esq.
LYNCH DASKAL EMERY LLP
264 West 40th Street
New York , NY 10018
(212) 302-2400
Fax: (212) 302-2210
Email: lynch@lawlynch.com
Attorneys for Plaintiff SOROOF TRADING DEVELOPMENT COMPANY, LTD.

Haig V. Kalbian, Esq.
Mary M. Baker, Esq.
Aaron W. Knights, Esq.
KALBIAN HAGERTY LLP
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Email: hkalbian@kalbianhagerty.com
Attorneys for Plaintiff SOROOF TRADING DEVELOPMENT COMPANY, LTD.

Thomas Edward Healy, Esq.
PINO & ASSOCIATES, LLP
50 Main Street
White Plains, NY 10606
(914) 946-0600
Fax: (914) 946-0650
Email: thealy@pinolaw.com
Attorneys for Defendant GE MICROGEN, INC.

Michael D. Fisse, Esq.
Jan Van Steenis, Esq.
DAIGLE FISSE & KESSENICH, PLC
P.O. Box 5350
Covington, LA 70434-5350
(985) 871-0800
Fax: (985) 871-0899
Email: mfisse@daiglefisse.com
Email: jbradford@daiglefisse.com
Attorneys for Defendant GE MICROGEN, INC.

Dated:  October 4, 2010                    /s/__Natalie F. Langlois_____