UNITED STATES DISTRICT COURT                          **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
SOROOF TRADING DEVELOPMENT          : 10 Civ. 1391 (LGS) (JCF)
COMPANY, LTD.,                      :
                                    :       MEMORANDUM
            Plaintiff,              :       AND  ORDER
                                    :
    - against -                     :
                                    :
GE FUEL CELL SYSTEMS, LLC,          :
GE MICROGEN, INC., and PLUG POWER,  :
INC.,                               :
            Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

        Soroof Trading Development Company, Ltd. ("Soroof") brings

this action for breach of contract and misrepresentation against GE

Microgen, Inc. ("GE Microgen") and Plug Power, Inc. ("Plug Power")

-- who were members of the now-defunct GE Fuel Cell Systems, LLC

("GEFCS") -- as well as the General Electric Company ("GE"), the

corporate parent of GEFCS.   The plaintiff seeks to compel

additional depositions from GE and GE Microgen under Rule 30(b)(6)

of the Federal Rules of Civil Procedure.[1]

_____

        [1] Plug Power moved for a protective order to prevent Soroof
from deposing George C. McNamee, Chairman of Plug Power's Board of
Director. (Docket no. 152).  On February 28, 2013, the plaintiff
voluntarily withdrew its notice of deposition of Mr. McNamee.
(Response in Opposition to Defendant Plug Power Inc.'s Motion for
Protective Order Prohibiting the Deposition of George C. McNamee).
Accordingly, Plug Power's motion is moot.

Background

The factual background of this dispute is set forth in my May 11, 2012, Memorandum and Order and will only be summarized briefly here.  Soroof Trading Development Co. v. GE Microgen, Inc., 283 F.R.D. 142 (S.D.N.Y. 2012).

In June 2000, GEFCS and Soroof entered into an agreement under which, for a $1 million distribution fee, Soroof would have the right to distribute GEFCS-produced fuel cells meeting certain specifications in Saudi Arabia.  (Distributer Agreement dated June 6, 2000 ("Agreement"), attached as Exh. 1 to Second Amended Complaint ("SAC"), ¶¶ 1-2.3, 6.4).  Soroof claims that GE, GE Microgen, and Plug Power knew by the time GEFCS was formed that there was a "strong possibility that the [contemplated fuel cells] would never be marketable."  (SAC, ¶ 19).  Nevertheless, they allegedly misrepresented to Soroof that the project would succeed.  (SAC, ¶¶ 22, 24, 29, 39-40, 47).  As it turned out, GEFCS was not able to make fuel cells that met the specifications in the Agreement and purportedly abandoned development within a year.  (SAC, ¶¶ 37, 41, 47).  In 2006, GEFSCS was dissolved, supposedly without the plaintiff's knowledge.  (SAC, ¶ 56).  This litigation ensued, alleging breach of contract and misrepresentation.

Soroof issued deposition notices to GE and GE Microgen pursuant to Rule 30(b)(6).  (Plaintiff Soroof Trading Development

2

Company, Ltd.'s Amended Notice of Deposition Pursuant to Rule 30(b)(6) to Defendant General Electric Company ("Rule 30(b)(6) Notice to GE") dated Nov. 29, 2012, attached as Exh. 2 to Letter of Aaron W. Knights dated Feb. 13, 2013 ("Knights Letter"); Plaintiff Soroof Trading Development Company, Ltd.'s Amended Notice of Deposition Pursuant to Rule 30(b)(6) to Defendant GE Microgen, Inc. ("Rule 30(b)(6) Notice to GE Microgen") dated Nov. 29, 2012, attached as Exh. 3 to Knights Letter). GE and GE Microgen designated Frank Scovello in response to the notices, and on December 10, 2012, the plaintiff deposed Mr. Scovello. (Deposition Transcript of Frank Scovello dated Dec. 10, 2012 ("Scovello Dep."), attached as Exh. 4 to Knights Letter, at 8).[2]

Discussion

Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . . The person designated must testify about information known or reasonably available to the organization.

"Rule 30(b)(6) thus establishes a two-stepped process." Sheehy v.

---

[2] Mr. Scovello was previously deposed on September 2, 2010, on behalf of GE Microgen during the first phase of discovery, which was confined to issues relating to GEFCS's dissolution. (Knights Letter at 3 n.2).

Ridge Tool Co., No. 3:05-CV-01614, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007).  The party seeking a Rule 30(b)(6) deposition must first serve a notice that describes "with reasonable particularity" the issues and topics that will be addressed at the deposition. Id.; Fed. R. Civ. P. 30(b)(6).  "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought."  Innomeds Labs, LLC v. Alza Corp, 211 F.R.D. 237, 240 (S.D.N.Y. 2002).

Once the deposing party has served a satisfactory notice, the responding party is required to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'"  Tailored Lighting Inc. v. Osram Sylvania Products, Inc., 255 F.R.D. 340, 349 (W.D.N.Y. 2009) (alterations in original) (quoting Securities Exchange Commission v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)) (internal quotation marks omitted); see Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on

4

its behalf.'" (quoting <u>Austin v. Healey</u>, 5 F.3d 598, 601 (2d Cir. 1993)).  While the "'Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice . . . the corporation is obligated to prepare them so that they may give knowledgeable answers.'"  <u>Meyer Corp. U.S. v. Alfay Designs, Inc.</u>, No. 10 CV 3647, 2012 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012) (alteration in original) (quoting <u>Spanski Enterprises, Inc. v. Telewizja Polska, S.A.</u>, No. 07 Civ. 930, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009)).  The responding party must "prepare the designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'"  <u>Rahman v. Smith & Wollensky Restaurant Group, Inc.</u>, No. 06 Civ. 6198, 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009) (quoting <u>Tailored Lighting Inc.</u>, 225 F.R.D. at 349)); <u>In re Air Cargo Shipping Services Antitrust Litigation</u>, No. 06 MD 1775, 2012 WL 1129852, at *1 (E.D.N.Y. March 27, 2012); <u>cf. Panolam Industry International, Inc. v. F & F Composite Group Inc.</u>, No. 3:07CV1721, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010) ("A deponent under Rule 30(b)(6) has an 'affirmative obligation to educate himself as to the matters regarding the corporation.  This includes all matters that are known or reasonably available to the corporation.'" (quoting <u>Concerned Citizens v. Belle Haven Club</u>, 223 F.R.D. 39, 43 (D. Conn. 2004))).  "[P]roducing an unprepared witness is tantamount to a

failure to appear." <u>Rahman</u>, 2009 WL 773344, at *1.

Soroof contends that GE and GE Microgen failed to meet their obligations under Rule 30(b)(6) because Mr. Scovello was unable to testify about information to which GE was privy as a result of its holding a position on Plug Power's Board of Directors. (Knights Letter at 3). It points to Mr. Scovello's lack of knowledge about documents that the defendants had produced in regard to this issue, including:

> (1) a document prepared for Plug Power's Board identifying "shortfalls or the progress of the development of the product from Plug Power";
>
> (2) a document which related GE's decision not to make further equity investments in Plug Power's program as a result of a due diligence review GE conducted; and
>
> (3) a document which stated that Plug Power had not focused on commercially viable product.

(Knights Letter at 3; General Electric Company and GE Microgen Inc.'s Opposition to Plaintiff's Motion to Compel Additional FRCP 30(b)(6) Deposition Testimony of General Electric Company and GE Microgen Inc. ("Def. Memo.") at 3). This information, Soroof argues, is "highly relevant" to its claims in this case -- that the defendants failed to disclose material information to Soroof, and given GE's worldwide reputation, that Soroof relied on GE giving its seal of approval to Plug Power's product. (Knights Letter at 4).

The defendants do not deny that Mr. Scovello was unable to testify about these matters.  Rather, they contend that Soroof's Rule 30(b)(6) notices did not identify those topics, that Soroof never asked Mr. Scovello any questions to establish whether he lacked knowledge on those issues as "GE's corporate designee (as opposed to he as President of GEFCS)," and that Soroof already has documents that provide this information, rendering further testimony unnecessary.  (Def. Memo. at 3-4, 9-10).

A.   Soroof's Rule 30(b)(6) Notice

Soroof's notice to GE identified twenty-eight categories of information sought, including:

2.   Any and all assistance provided by GE to [Plug Power] to develop the Product.

3.   GE's knowledge of [Plug Power's] difficulties in commercializing the Product. . . .

5.   Involvement of GE employees in the development of the Product. . . .

9.   The Product's failure to meet GE's specifications. . . .

14.  Any communication or discussion regarding the development of the Product. . . .

23.  Any and all documents exchanged by the parties in this action.

24.  Any and all communication with Plaintiff.

(Rule 30(b)(6) Notice to GE at 7-8).[3] The notice "call[ed] for all information known or available to [GE]" on these topics. (Rule 30(b)(6) Notice to GE at 4).[4]

Although the notice did not specify that Soroof sought information obtained by GE through its membership on Plug Power's Board of Directors, such information falls within information known or available to GE and is well within GE's control. See In re Air Cargo Shipping, 2012 WL 1129852, at *1 ("There is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide all the relevant information known or reasonably available to the entity." (internal quotation marks omitted)); Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., No. 01 Civ. 3016, 2002 WL 1835439, at *4 (S.D.N.Y. Aug. 8, 2002) ("[T]he same principle that is applied to interrogatories and document requests should also be applied to determine the scope of a party's obligation in responding to a Rule 30(b)(6) notice of deposition. There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used; in all cases, the responding

_____

[3] Soroof identified similar categories in its notice to GE Microgen. (Rule 30(b)(6) Notice to GE Microgen, ¶¶ 2, 4, 14, 25-26).

[4] Soroof made the same request in its notice to GE Microgen. (Rule 30(b)(6) Notice to GE at 4).

party should be obligated to produce the information under its control."); <u>Securities Insurance Co. of Hartford v. Trustmark Insurance Co.</u>, 218 F.R.D. 29, 34 (D. Conn. 2003) ("In light of the affirmative duty imposed by Rule 30(b)(6), [defendant]'s corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying underlying facts, and to answer questions accordingly" even if witness's understanding is gleaned from documents protected as work product).

Furthermore, the questions regarding the documents that Mr. Scovello testified he had never seen and had no knowledge about fall within the topics identified in the plaintiff's notice. These documents were presented at Plug Power's Board meetings during the time GE was represented on the Board. Soroof asked about a Q2 Dashboard Summary Presentation to Plug Power Board of Director dated July 17, 2000, reporting that Plug Power was unable to meet its targets (Scovello Dep. at 84-85); a memorandum from Plug Power to, among others, the GE representative on Plug Power's Board dated September 12, 2003, noting a due diligence review conducted by GE and GE's decision not to make further equity investments in Plug Power (Scovello Dep. at 183-85); and a Plug Power Update dated August 19, 2003, with GE's logo, concluding that Plug Power's research and development resources should be more focused on

commercially viable products (Scovello Dep. at 185-89).[5]  All of these documents reasonably fall within the categories noticed by the plaintiff.  See Crawford v. Franklin Credit Management Corp., 261 F.R.D. 34, 38 (S.D.N.Y. 2009) ("[A] notice of deposition . . . constitutes the minimum, not the maximum, about which a deponent must be prepared to speak." (second alteration in original) (internal quotation marks omitted)); see Alexander v. F.B.I., 186 F.R.D. 137, 140 (D.D.C. 1998) (finding Rule 30(b)(6) notice seeking testimony about "computer system commonly known as or referred to as 'Big Brother' and/or 'WHODB'" sufficient since parties were well aware of discoverable issues in case).

B.   Personal Knowledge Versus Corporate Knowledge

The defendants next claim that the plaintiff asked questions only about Mr. Scovello's personal knowledge, not questions targeted toward GE's knowledge on these topics.  (Def. Memo. at 7-9).  This argument is "nonsensical and groundless."  Meyer Corp. U.S., 2012 WL 3536987, at *9 (rejecting plaintiff's argument that by phrasing questions in "Do you know?" format, defendant was seeking Rule 30(b)(6) designee's personal knowledge, and noting

---

[5] Pages 186 and 187 of Mr. Scovello's deposition transcript are attached as Exhibit 5 to the Reply Memorandum of Law in Support of Plaintiff's Motion to Compel FRCP 30(b)(6) Deposition Testimony of Defendants General Electric Company and GE Micrgen, Inc. ("Reply Memo.").

"[t]his Court is aware of no cases where such an argument has been accepted and, to the contrary, questions similar in form to those complained of by plaintiff have been upheld in this Circuit."). "The 'plain[]' language of Rule 30(b)(6) 'makes clear that a designee is not simply testifying about matters within his or her own personal knowledge, but is speaking for the corporation about matters to which the corporation has reasonable access.'" Great American Insurance Co. of New York v. Summit Exterior Works, LLC, No. 3:10 CV 1669, 2012 WL 459885, at *3 (D. Conn. Feb. 13, 2012) (alteration in original) (quoting Rainey v. American Forest & Paper Association, 26 F. Supp. 2d 82, 94 (D.D.C. 1998)); see also Krasney v. Nationwide Mutual Insurance Co., No. 3:06 CV 1164, 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007) ("The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents." (internal quotation marks omitted)); Twentieth Century Fox Film Corp., 2002 WL 1835439, at *3 ("The Rule 30(b)(6) designee does not give his personal opinions. Rather he presents the corporation's 'position' on the topic." (first internal quotation marks omitted)). As the plaintiff points out, it never noticed the deposition of Mr. Scovello personally, and consequentially Mr. Scovello did not appear in his personal capacity at the deposition on December 10, 2012. See Krasney, 2007 WL 4365677, at *2 ("'The [Rule 30(b)(6)]

witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena.'" (quoting <u>United States v. Taylor</u>, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); <u>accord</u> <u>Twentieth Century Fox Film Corp.</u>, 2002 WL 1835439, at *2; <u>cf.</u> <u>Parrot, Inc. v. Nicestuff Distributing International, Inc.</u>, No. 06-61231, 2009 WL 197979, at *7 (S.D. Fla. Jan. 26, 2009) ("To depose the corporate representative in his own capacity, the deposing party must notice the deposition of the corporate representative in his personal capacity."). Accordingly, Mr. Scovello testified on behalf of GE and GE Microgen, not in his personal capacity.

    C.   <u>Documents Provided</u>

Finally, the defendants contend that because they produced Plug Power's Board meeting minutes and GE's 2003 due diligence review, no additional witness testimony is necessary. (Def. Memo. at 9-10). Soroof claims that the documents produced in discovery are insufficient. It argues that the Board minutes are "mere summaries" of the meetings and do not represent all the matters that were considered by the Board including any additional actions taken by GE as a result of the matters it learned as a Board member. (Reply Memo. at 9). Further, it contends that the Board minutes open many areas of inquiry that cannot be gleaned from the

12

documents themselves that are relevant to its claims. (Reply Memo. at 9).

As explained in Dongguk University v. Yale University, 270 F.R.D. 70, 74 (D. Conn. 2010),

> [a] party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents (i.e. information which the defendant knows but is not apparent on the face of the documents).

(internal citations and quotation marks omitted); cf. Cipriani v. Dick's Sporting Goods, Inc., No. 3:12 CV 910, 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) (noting that "'[e]ven if the substance of the information ultimately provided mirrors that of the testimony given by [the defendant]'s former directors and employees, plaintiff still is entitled to tie down the definitive positions of [the defendant] itself'" through a Rule 30(b)(6) deposition).

In sum, the questions Mr. Scovello was unable to answer are covered within Soroof's deposition notice and are information reasonably available to the defendants. Even if Mr. Scovello did "not have personal knowledge concerning the matters set out in the deposition notice," GE and GE Microgen were "'obligated to prepare

[him] so that [he] may give knowledgeable answers.'" Meyer Corp.
U.S., 2012 WL 3536987, at *8 (quoting Spanski Enterprise, Inc.,
2009 WL 3270794, at *3).  Here, Mr. Scovello's preparation for the
deposition was limited to reviewing his previous deposition and
that of Gary Mittleman, Gerard Conway, and Barry Glickman;
reviewing the plaintiff's interrogatories; reading some e-mail
exchanges between Soroof and GE; and meeting with defense counsel
twice.  (Scovello Dep. at 8-10).  He did not meet with anyone at GE
or GE Microgen to prepare for the deposition (Scovello Dep. at 9),
was not provided any of Plug Power's Board documents to review
(Scovello Dep. at 85-86), and was not apprised of GE's due
diligence review or its decision not to make further equity
investments in Plug Power (Scovello Dep. at 184-85).  Accordingly,
the defendants shall produce another Rule 30(b)(6) witness or
properly prepare Mr. Scovello to testify about these topics within
two weeks of the date of this Order.  See Fab-Tech, Inc. v. E.I. Du
Pont De Nemours and Co., No. 104CV275, 2006 WL 3702753, at *2 (D.
Vt. Dec. 13, 2006) ("When a designee is unable to adequately
respond to certain relevant areas of inquiry, the designating party
has a duty to substitute an appropriate deponent." (internal
quotation marks omitted)); Sony Electronics, Inc. v. Soundview
Technologies, Inc., 217 F.R.D. 104, 112 (D. Conn. 2002) (ordering
plaintiff to produce additional Rule 30(b)(6) witness when its

designee was unable to testify about topics included in deposition notice).  Fact discovery is otherwise complete.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          March 28, 2013

Copies mailed this date:

James R. Lynch, Esq.
Lynch Daskal Emery, LLP
264 West 40th Street
New York, New York 10018

Haig V. Kalbian, Esq.
Mary M. Baker, Esq.
Aaron W. Knights, Esq.
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1000
Washington, DC 20006

Thomas E. Healy, Esq.
Pino & Associates, LLP
50 Main Street
White Plains, New York 10606

Michael D. Fisse, Esq.
Jan Van Steenis, Esq.
John Dubreuil, Esq.
Daigle, Fisse & Kessenich PLC
P.O. Box 5350
Covington, LA 70434

Abigail K. Hemani, Esq.
Goodwin Procter, LLP
620 Eighth Avenue
New York, New York 10018

15

Dahlia S. Ferouh, Esq.
Natalie F. Langlois, Esq.
Lisa Lo Gerfo, Esq.
Lauren S. Kupersmith, Esq.
Goodwin Procter LLP
53 State Street, Exchange Place
Boston, MA 02109