UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2014

```
------------------------------------------------------------- X
                                                               :
SOROOF TRADING DEVELOPMENT COMPANY                             :
LTD.,                                                          :
                                    Plaintiff,                 :    10 Civ. 01391
                                                               :         (LGS)
              -against-                                        :
                                                               :    OPINION
GE MICROGEN INC. et al,                                        :    AND ORDER
                                    Defendants.                :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

    This is an action for breach of contract and misrepresentation by Plaintiff Soroof Trading Development Company, Ltd. against Defendants Plug Power, Inc., GE Microgen, Inc. and General Electric Company ("GE"). The claims arise from disputes regarding a distributor agreement entered into in 2000 by Soroof and GE Fuel Cell Systems LLC ("GEFCS"), a now-dissolved company formed by Plug Power and GE Microgen ("Distributor Agreement").

    Before the Court are Defendants' objections to Magistrate Judge James Francis' memorandum and order issued on April 8, 2014, which granted Plaintiff's motion to amend the case caption to reflect the name under which it is currently operating, Soroof International Company, Ltd. ("Judge Francis' Order"). *See Soroof Trading Development Co., Ltd. v. GE Microgen, Inc.*, No. 10 Civ. 1391, 2014 WL 1378115 (S.D.N.Y. April 8, 2014).

    For the following reasons, Defendants' objections are overruled, and Judge Francis' Order granting Plaintiff's motion to amend the case caption is affirmed.

I.  **Background**

    A. **Facts**

Familiarity with the facts of this case is assumed. A summary of the facts underlying the claims can be found in this Court's opinion and order denying summary judgment. *See Soroof Trading Development Co. Ltd. v. GE Microgen Inc.*, No. 10 Civ. 01391, 2013 WL 5827698 (S.D.N.Y. Oct. 30, 2013). A summary of the facts pertinent to the pending motion can be found in Judge Francis' Order.

    B. **Procedural History**

Plaintiff filed its original complaint on February 22, 2010, its First Amended Complaint on February 10, 2012, and its Second Amended Complaint on May 14, 2012, identifying itself in all three complaints as Soroof Trading Development Company, Ltd. On May 9, 2013, Plaintiff moved to amend the case caption to identify itself as Soroof International Company, Ltd. On May 31, 2013, Judge Francis denied this motion without prejudice and ordered additional discovery on the issue.

On February 10, 2014, Plaintiff renewed its motion to amend the caption. On April 8, 2014, Judge Francis' Order was issued, granting Plaintiff's motion. Defendants filed objections to Judge Francis' Order on April 25, 2014, and Plaintiff responded to those objections on May 5, 2014.

II.  **Standard of Review**

When a magistrate judge issues an order on a non-dispositive[1] pretrial matter, the district judge "must consider timely objections and modify or set aside any part of the

---

[1] A motion to amend a complaint is non-dispositive. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).

order that is clearly erroneous or is contrary to law." Federal Rule of Civil Procedure 72(a); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).

A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012) (internal quotation marks omitted). An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F.Supp.2d 305, 320 (S.D.N.Y. 2001) (internal quotation marks omitted).

This standard of review is "highly deferential," as "magistrate judges are afforded broad discretion in resolving non-dispositive disputes." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks omitted). "[T]he fact that reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." *Id.* at 512 (internal quotation marks omitted) (alteration in original). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Id.* (internal quotation marks omitted).

**III.   Discussion**

Judge Francis' Order granted Plaintiff's motion to amend the case caption to reflect its new name, Soroof International. Judge Francis held that "Soroof International is the proper party to prosecute this case." Judge Francis found as a factual matter that Soroof Trading changed its name to Soroof International, but remains the same company. Therefore, the proposed amendment would not alter the claims or defenses of the case nor prejudice Defendants in any way.

Defendants argue that Plaintiff should not be permitted to change its name in the case caption because, they claim, Soroof Trading was dissolved, and Soroof International is a separate holding company.  Specifically, they argue that five separate findings in Judge Francis' Order were clearly erroneous or contrary to law.   These contentions are without merit.

First, Defendants argue that Judge Francis' finding that Plaintiff's name change did not affect the parties' rights under the Distributor Agreement was clearly erroneous or contrary to law.  This is incorrect, as Judge Francis' finding is clearly supported by the evidence in the record.  Moreover, Defendants do not explain in what way they believe that the parties' rights under the Distributor Agreement were affected.

Defendants base this argument on their claim that Soroof Trading and Soroof International are not the same business entity.  Yet, the evidence in the record does not support this assertion.  Instead, the evidence, which includes Plaintiff's corporate records and official records of the Saudi Ministry of Commerce and Industry, shows that Soroof Trading changed its name to Soroof International but remained the same business entity.

Second, Defendants argue that it was clearly erroneous or contrary to law for Judge Francis to find that Plaintiff's filing in Texas[2] was irrelevant to this issue.  This is also incorrect.  The evidence in the record shows that the reason the filings in the Texas Case reflect two different names for Plaintiff is because both names are possible English translations of Plaintiff's Arabic name, which is the name under which the company is

---

[2] *Soroof International Company and Soroof International Limited v. Transocean, Inc., Transocean Ltd., Transocean Worldwide Inc., Transocean Eastern Pte Ltd., and R&B Falcon Inc., LLC*, Case No. 4:09-cv-3300, is currently pending in the 189th District Court for the State of Texas, Harris County, before the Honorable Judge William Burke ("Texas Case").

4

registered.  The evidence in the record also shows that Plaintiff's name appears identically in Arabic each time it appears in that language.  The fact that Plaintiff's name was imperfectly translated in another case is irrelevant to any of the issues in this case.

Third, Defendants argue that it was clearly erroneous or contrary to law for Judge Francis to find that Plaintiff's filing in the Texas Case did not support Defendants' claim of judicial estoppel.  Again, this is incorrect.  Judge Francis correctly concluded that judicial estoppel does not apply to the issue of Soroof's name change.  Judicial estoppel applies only "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position."  *DeRosa v. National Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010).  Here, just as Judge Francis reasoned, Plaintiff's success in the Texas Case was "wholly unrelated to Soroof's name."

Fourth, Defendants argue that it was clearly erroneous or contrary to law for Judge Francis to find that Plaintiff's name change did not effect a change in the events and parties at issue.  This is also incorrect, as Judge Francis' finding is again clearly supported by the evidence in the record.  Defendants once more base their argument on the claim that Soroof Trading and Soroof International are not the same business entity.  As discussed above, this claim is unsupported by the evidence in the record, which shows that Soroof Trading changed its name to Soroof International but remained the same business entity.

Defendants claim that the Third Amended Complaint, which Plaintiff filed after Judge Francis' Order, contains new factual allegations that alter the earlier allegations as to the events and participants.  This is untrue.  The Third Amended Complaint is identical to the Second Amended Complaint, other than Plaintiff's name change and a statement

that "[i]n 2001, Soroof Trading Development Company Ltd. changed its name and continued doing business thereafter under its new name." This added sentence does not alter the factual allegations material to the claims in this case, nor does it alter the parties in this case.

The Second Circuit has held that "[a] Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d. Cir. 1997). That is the case here.

Finally, Defendants argue that Judge Francis' finding that Defendants were not unfairly prejudiced was clearly erroneous or contrary to law. Once more, this is incorrect. Defendants have not been prejudiced by Plaintiff's amendment of the case caption. As discussed above, Judge Francis correctly concluded that this change was "mere[ly] nominal" and had "absolutely no effect on the operative complaint's factual allegations."

Defendants claim that they have been denied discovery regarding Plaintiff's name change. However, Defendants were provided with ample opportunity for discovery on this issue, and Defendants did in fact conduct such discovery, during both general fact discovery and a special discovery period dedicated to Plaintiff's name change ordered by Judge Francis.

## IV.    Conclusion

Judge Francis' Order is not clearly erroneous or contrary to law. Accordingly, the Court OVERRULES Defendants' objections and AFFIRMS Judge Francis' Order

6

granting Plaintiff's motion to amend the case caption so that Plaintiff's name reads

"Soroof International Company, Ltd."

SO ORDERED.

August 14, 2014
New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**